# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SUZHOU PARSUN POWER MACHINE CO., Ltd.,**
**a foreign (Chinese) corporation, and**
**MARS ELECTRIC, LLC, a Wisconsin limited liability company,**

        Plaintiffs,

                        **Case No. 10-C-398**

    -vs-

**WESTERN IMPORT MANUFACTURING**
**DISTRIBUTION GROUP Ltd.,**
**a foreign (Canadian) corporation, SHELLEY**
**ANNE HUDSON, and JOHN HUDSON,**

        Defendants.

# DECISION AND ORDER

One of the defendants, Shelley Anne Hudson ("Hudson"), appears *pro se* on her own behalf and on behalf of defendant Western Import Manufacturing Distribution Group, a Canadian corporation. She requests a 30-day extension to answer the complaint, which is currently due on June 28. Hudson argues that an extension is justified because she is suffering from an undisclosed medical condition. She also claims that she was traumatized when she witnessed a murder outside of her offices in Nanaimo, British Columbia.

As an initial matter, Hudson can represent herself, but she cannot appear on behalf of Western Import. *See Old Ben Coal Co. v. Office of Workers' Compensation Programs*, 476 F.3d 418, 418-19 (7th Cir. 2007); *Rowland v. California Men's Colony*, 500 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may

appear in the federal courts only through licensed counsel"). Plaintiffs move to strike on this basis, and their motion must be granted. General L.R. 83(e) (E.D. Wis.). The Court will proceed to resolve Hudson's motion as if it applies only to Hudson.[1]

In opposition, the plaintiffs, Suzhou Parsun Power Machine Co. and Mars Electric, LLC, claim that Ms. Hudson is being dilatory and has a history of employing dilatory tactics in parallel proceedings before the Trademark Trial and Appeal Board. Specific to this motion, plaintiffs assert that Hudson and Western Import were served with the summons and complaint on June 7, but Hudson waited until June 23 to request an extension from the plaintiffs. Plaintiffs also argue that Hudson is obfuscating with respect to her medical condition and the murder she allegedly witnessed. According to documents submitted by the plaintiffs, the murder actually occurred five kilometers from Western Import's location in British Columbia. Even if Ms. Hudson is exaggerating for effect, she did not completely neglect this lawsuit. Ms. Hudson recognizes that she has to answer and she filed a motion for an extension before the time to answer had passed. Ultimately, the Court has no reason to disbelieve Ms. Hudson's assertions regarding her health problems at this time, even though the plaintiffs suggest that she is lying. A brief extension of time will not cause significant delay. Therefore, the Court finds good cause to grant an extension. Fed. R. Civ. P. 6(a)(1)(A).

---

[1] The third defendant, John Hudson, has not been served.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' motion to strike [D. 12] is **GRANTED**;

2. Hudson's motion for an extension of time [D. 8] is **GRANTED**; and

3. Hudson must file an answer on or before **July 28, 2010**.

Dated at Milwaukee, Wisconsin, this 2nd day of July, 2010.

                                        **SO ORDERED,**

                                        <u>s/ Rudolph T. Randa</u>
                                        **HON. RUDOLPH T. RANDA**
                                        **U.S. District Judge**