UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SUZHOU PARSUN POWER MACHINE CO., Ltd.,
a foreign (Chinese) corporation, and
MARS ELECTRIC, LLC, a Wisconsin limited liability company,

           Plaintiffs,

                                      Case No. 10-C-398

  -vs-

WESTERN IMPORT MANUFACTURING
DISTRIBUTION GROUP Ltd.,
a foreign (Canadian) corporation, SHELLEY
ANNE HUDSON, and JOHN HUDSON,

           Defendants.

---

## DECISION AND ORDER

---

Now before the Court is the plaintiffs' motion for expedited discovery. Two of the defendants, Western Import Manufacturing ("Western Import") and Shelley Anne Hudson, were served in British Columbia, Canada in early June. The third defendant, John Hudson, also apparently lives in Canada but has not been not served. Plaintiffs want expedited discovery to ascertain the location of Mr. Hudson for service.

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). The parties are not required to meet and confer until the Court orders a scheduling conference, and the Court does not proceed to scheduling until all of the parties

have been served and appear in a case. Therefore, the plaintiffs may not commence discovery at this time without consent of the defendants or an order from the Court. Fed. R. Civ. P. 26(f)(1); Fed. R. Civ. P. 16(b)(2).

The Court may grant a request for expedited discovery for good cause. *Sheridan v. Oak Creek Mortgage, LLC*, 244 F.R.D. 520, 521 (E.D. Wis. 2007) (collecting cases).[1] The Court must evaluate the "entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Id.* at 522. Relevant factors include: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 142-43 (D.D.C. 2005).

Plaintiffs argue that they should be allowed expedited discovery because it is the best way to obtain a current address for John Hudson. This may be true, but the plaintiffs do not request limited discovery directed towards finding John Hudson's address. Instead, plaintiffs want to commence discovery on the assumption that they will eventually find John Hudson's address. Also, this matter was filed only 9 weeks ago on May 11. The parties' duty to meet and confer is not triggered until the Court signals its intent to issue a scheduling order, and this does not occur until all of the parties have appeared. Nothing in the federal rules

---

[1] Other cases apply a more stringent test that mirrors the factors for issuing a preliminary injunction, known as the *Notaro* test. *See Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982). This standard is inapplicable because the plaintiffs do not assert that they will suffer irreparable harm in the absence of expedited discovery. *Cf. Landwehr v. Fed. Deposit Ins. Co.*, No. 09-0716 (RMU), — F. Supp. 2d —, 2010 WL 2572077, at *2 (D.D.C. June 28, 2010); *Centrifugal Acquisition Corp. v. Moon*, No. 09-C-327, 2009 WL 1249294, at *1 (E.D. Wis. May 6, 2009).

-2-

requires the Court to act more quickly. Fed. R. Civ. P. 16(b)(2) (judge must issue the scheduling order "as soon as practicable, but in any event within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared"). This may seem circular because discovery cannot commence until Mr. Hudson is served, but again, the plaintiffs are not seeking limited discovery. If plaintiffs are having difficulty serving Mr. Hudson pursuant to the Hague Convention, Fed. R. Civ. P. 4(f)(2), the federal rules allow service by alternative means. Fed. R. Civ. P. 4(f)(3); *BP Products North Am. v. Dagra*, 236 F.R.D. 270, 272 (E.D. Va. 2006) (recognizing service by publication in a foreign country where other means have failed). Finally, Ms. Hudson is currently proceeding *pro se*, and Western Import has yet to appear by counsel. The Court is hesitant to allow expedited discovery against parties that are unrepresented by counsel.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** plaintiffs' motion for expedited discovery [D. 13] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 20th day of July, 2010.

                                               **SO ORDERED,**

                                               *s/ Rudolph T. Randa*
                                               **HON. RUDOLPH T. RANDA**
                                               **U.S. District Judge**