# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SUZHOU PARSUN POWER MACHINE CO., Ltd.,
a foreign (Chinese) corporation, and
MARS ELECTRIC, LLC, a Wisconsin limited liability company,

      Plaintiffs and Counterclaim Defendants,

                **Case No. 10-C-398**

  -vs-

WESTERN IMPORT MANUFACTURING
DISTRIBUTION GROUP Ltd.,
a foreign (Canadian) corporation, SHELLEY
ANNE HUDSON,

      Defendants and Counterclaim Plaintiffs,

  -vs-

JOHN FIORENZA, NIANSHI HAN, JIAN XIA, LIANG YANG,

      Counterclaim Defendants.

## DECISION AND ORDER

    The Court is in receipt of a letter, submitted by facsimile, from *pro se* defendant and *pro se* counterclaim plaintiff Shelley Anne Hudson. The letter, dated September 2, requests leave to participate in the Court's Electronic Case Filing system. It is unclear whether Ms. Hudson provided the other parties in this case with a copy of this letter, but it appears that this is an *ex parte* communication.

    In any event, Ms. Hudson argues that she is at a disadvantage because she lives in Canada and there is an inherent delay (up to two weeks) in her receipt of communications

by mail from the Court and the other parties. Parties proceeding *pro se* in this judicial district are not allowed to *file* electronically, but the Court will grant her request to the extent that it allows her to *receive* notice of docket entries electronically. This means that the defendants are no longer required to serve Ms. Hudson by paper mail. Civil L.R. 5 (E.D. Wis.)

A few additional matters must be clarified. When Ms. Hudson receives notice of a docket entry pursuant to the ECF system, she will get one chance to access the docket entry via hyperlink. If she does not save or print the document after first opening the document, she can no longer access the document through the link on the email notification. Ms. Hudson may want to consider registering for PACER, www.pacer.gov, through which she can gain repeated access to court filings in this case.

The Court also emphasizes that Ms. Hudson cannot submit documents by facsimile. Because she cannot file documents through the ECF system, Ms. Hudson must file paper copies directly with the Clerk of Court.

Finally, Ms. Hudson's letter implies that she thinks she is representing herself *and* her company, Western Import Manufacturing. This is not true. The Court struck Ms. Hudson's attempt to appear on behalf of Western Import because a corporation must appear in federal court through licensed counsel. D. 16. Western Import has yet to formally and properly appear in this case. Similarly, if John Hudson is now a counterclaimant (the pleading in D. 24 is unclear), Ms. Hudson cannot represent Mr. Hudson; he must represent himself or appear through licensed counsel. *Cf. Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149

(7th Cir. 2001) (non-lawyer cannot represent the interests of others). Ms. Hudson is only representing herself in this case.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. The Clerk of Court **SHALL** upload Ms. Hudson's September 2, 2010 motion to participate in the Court's ECF system onto the docket for this case.

2. Ms. Hudson's *ex parte* motion to participate in the Court's ECF system is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Clerk of Court **SHALL** forward electronic notifications to Ms. Hudson at the following e-mail address: wimdglegal@yahoo.com. Ms. Hudson should inform the Clerk of Court if her e-mail address changes.

Dated at Milwaukee, Wisconsin, this 7th day of September, 2010.

                                          **SO ORDERED,**

                                          *s/ Rudolph T. Randa*
                                          **HON. RUDOLPH T. RANDA**
                                          **U.S. District Judge**