# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SUZHOU PARSUN POWER MACHINE CO., Ltd.,**
a foreign (Chinese) corporation, and
**MARS ELECTRIC, LLC,** a Wisconsin limited
liability company,

                Plaintiffs,

                                                  Case No. 10-C-398

      -vs-

**WESTERN IMPORT MANUFACTURING
DISTRIBUTION GROUP Ltd,** a foreign (Canadian)
corporation, **SHELLEY ANNE HUDSON**

                Defendants.

# DECISION AND ORDER

Pursuant to the prior proceedings in this matter, Western Import is in default. All that remains are the plaintiffs' claims against the other defendant, Shelley Anne Hudson, and Ms. Hudson's counterclaims against the plaintiffs, Suzhou Parsun Power Machine Company and Mars Electric LLC. The plaintiffs move to voluntarily dismiss their claims against Ms. Hudson. The plaintiffs also move for summary judgment on Ms. Hudson's counterclaims and for the entry of judgment against Western Import.

In response, Ms. Hudson moves for an extension of time to respond to the motion for summary judgment. Under normal circumstances, the Court would be inclined to grant this motion. But these are not normal circumstances. Indeed, there has been nothing typical or routine about this case, which, quite simply, has gone on long enough. From the outset, an

ultimate resolution in this matter has been repeatedly extended and delayed due to the dilatory conduct of the *pro se* defendant. Even now, despite repeated warnings and admonitions, Ms. Hudson insists upon acting as if she is representing Western Import, something she cannot do in federal court. As for her own counterclaims, Ms. Hudson offers nothing to suggest that she is or has been diligently pursuing those claims. In fact, the Court affirmatively finds that just the opposite is true. It is readily apparent that Ms. Hudson's counterclaims are part of an overall strategy of delay.

Therefore, the Court will grant the plaintiffs' motion for summary judgment. In the alternative, Ms. Hudson's counterclaims, such as they are, are also dismissed for want of prosecution. Fed. R. Civ. P. 41(b).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** plaintiffs' motion to dismiss claims against Shelley Anne Hudson [ECF No. 50] is **GRANTED**; plaintiffs' motion for summary judgment [ECF No. 52] is **GRANTED**; Ms. Hudson's motion for an extension of time [ECF No. 58] is **DENIED**; and the counterclaims brought by Western Import and Shelley Anne Hudson are **DISMISSED**.

**IT IS FURTHER ORDERED THAT** the Clerk of Court is directed to enter judgment against Western Import as follows:

1. Western Import, its officers, directors, employees and agents are **ENJOINED** from: (a) infringing Suzhou Parsun's trademarks and service marks; (b) using Suzhou Parsun's trade names, trademarks, or service marks, or any version thereof, in connection with the description, marketing, promotion, advertising, or sale of any products or services;

(c) registering, using, or trafficking any domain names that are identical or confusingly similar to Suzhou Parsun's marks, including but not limited to domain names containing Suzhou Parsun's marks, and domain names containing misspellings of Suzhou Parsun's marks; (d) advertising, promoting or in any way stating or inferring that they are or were authorized dealers or service representatives of Suzhou Parsun, or of Suzhou Parsun's goods or services in the United States and/or in North America; and (e) assisting, aiding or abetting any other person or business or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (d) above;

2. Western Import shall **FORFEIT** and **TRANSFER** the following infringing domain names to Suzhou Parsun: (a) parsunengines.com; (b) parsunoutboards.net; (c) parsun-outboards.com; (d) parsunoutboards.cn; (e) parsun-boats.com; and (f) parsunoutboards.ca;

3. The statements made by Western Import to the United States Patent and Trademark Office in the application for registration of the "parsun" word mark were false; were made for the sole purpose of obtaining registration of said mark; were known by Western Import to be false when made; and that in furtherance of said purpose Western Import committed fraud upon the USPTO;

4. The statements made by Western Import to the USPTO in Opposition Proceeding 91191786 and companion Proceeding 91189508 were false; were made for the dual purposes of obtaining registration of the "parsun" word mark under false pretenses, and to bar Suzhou Parsun from obtaining registration of the Mark for which Plaintiffs are

entitled; were known by Western Import to be false when made; and that in furtherance of said scheme Western Import committed fraud upon the USPTO.

Dated at Milwaukee, Wisconsin, this 27th day of February, 2012.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**